UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

GLORIA HERNANDEZ, MARIO HERNANDEZ, and INGRID Y. PRESCOD,

Plaintiffs,

-against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiffs GLORIA HERNANDEZ, MARIO HERNANDEZ, and INGRID Y. PRESCOD, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff GLORIA HERNANDEZ is a twenty-five-year-old woman residing in Brooklyn, New York.

7. Plaintiff MARIO HERNANDEZ is a sixty-three-year-old man residing in Brooklyn, New York.

8. Plaintiff INGRID Y. PRESCOD is a fifty-six-year-old woman residing in New Jersey.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn sergeants or police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

**FACTS**

14. On January 8, 2022, at approximately 6:00 a.m., plaintiffs Gloria and Mario Hernandez (hereinafter "Gloria" and "Mario") were lawfully inside of their residence, located at 757 Miller Ave, Apt 2F, Brooklyn, New York, when NYPD officers arrived to execute a warrant.

15. Plaintiff Ingrid Y. Prescod (hereinafter "Ingrid") was present at the location as an overnight guest.

16. The officers broke down the door to the apartment.

17. Plaintiffs were awoken by load noises and were then confronted by officers, and *inter alia*, yelled at, had guns pointed at them, were patted down, and had their home and possessions searched.

18. During the encounter, Gloria was left alone in her room with male officers, and then with a single male officer for approximately half an hour, while dressed in only her sleeping clothes.

19. Gloria was subsequently taken to the living room, where she was detained and questioned without probable cause.

20. Mario was grabbed and taken into the living room by the officers.

21. Handcuffs were placed on his wrists for approximately an hour.

22. Ingrid was in the living when the officers arrived, as she was on her way to the bathroom. Ingrid was also handcuffed and forced to sit handcuffed on the couch for approximately an hour.

23. During this time, Ingrid asked to use the bathroom.

24. Ingrid waited for a female officer who escorted her to the bathroom.

25. Ingrid was uncuffed and monitored by a police officer with an open door while she used the rest room.

26. Ingrid was then re handcuffed and seated back on the couch.

27. After plaintiffs were detained in the home for approximately one hour, the officers uncuffed Mario and Ingrid, and left the apartment without charging plaintiffs with any crimes or offenses.

28. During the search, police asked plaintiffs if they knew an individual who was the subject of the warrant and showed plaintiffs a photo of the individual.

29. Mario and Gloria recognized the individual and confirmed to the police that he had moved out of the building years prior.

30. To the extent that the NYPD obtained the search warrant on the purported basis that the individual they were searching for resided in plaintiffs' apartment, any such basis to believe this was undeniably stale insofar as the Hernandez's had resided in the apartment since 2008, and the Hernandez had never lived with the individual, who was someone they recognized, but did not know well, nor were they related to him.

31. Given how stale any information linking the individual who was the subject of the warrant to the apartment, the warrant was not supported by probable cause and therefore the

detention of plaintiffs and search of plaintiffs' home and belongings was not privileged.

32. Defendants lacked probable cause to detain and search plaintiffs, given that whatever information could have been known to defendants must have been at least fourteen years old.

33. Defendants JOHN and JANE DOE 1 through 10 supervised, participated in, or were present or otherwise aware of the incident and yet failed to intervene despite a meaningful opportunity to do so, or supervised and participated in the illegal conduct described herein.

34. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of executing baseless search warrants.

35. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the need to verify information which is used to obtain a search warrant.

36. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in the detention and unlawful search of innocent individuals. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their liberty and their constitutional rights.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

46. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

47. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Entry under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants entered 757 Miller Ave, Apt 2F, Brooklyn, New York without probable cause, or any lawful justification.

50. As a result, plaintiff's right to be free from an unlawful entry via the Fourth Amendment was violated.

51. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Unlawful Search under 42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants searched 757 Miller Ave, Apt 2F, Brooklyn, New York and plaintiffs' belongings located therein, without probable cause, or any lawful justification.

54. As a result, plaintiff's right to be free from an unlawful search via the Fourth Amendment was violated.

55. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants had an affirmative duty to intervene on behalf of plaintiffs whose constitutional rights were being violated in their presence by other officers.

58. The defendants failed to intervene to prevent the unlawful conduct described herein.

59. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and searched without probable cause.

60. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The supervisory defendants personally caused plaintiffs constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to obtaining search warrants based on faulty information and failing to adequately train its officers regarding the need to verify information which is used to obtain a search warrant.

67. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the

moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

71. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were detained, subjected were imprisoned without probable cause.

72. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right: To be free from seizure and arrest not based upon probable cause.

74. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an

amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

75. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

80. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York against All Defendants)

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants arrested plaintiffs without probable cause.

83. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

84. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

85. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86. The individually named defendants caused the wrongful arrests of plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

87. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against All Defendants)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

90. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91. The individually named defendants assaulted plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said

officers' wrongdoing under the doctrine of *respondeat superior*.

92. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against All Defendants)

93. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Defendants made offensive contact with plaintiffs without privilege or consent.

95. As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

96. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

97. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Trespass to Chattels/Conversion Under the Laws of the State of New York Against All Defendants)

98. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Defendants intentionally and wrongfully interfered with plaintiffs' property, when they wrongfully deprived plaintiff of their property by destroying their front door.

100. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' misconduct under the doctrine of *respondeat superior*.

101. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

102. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

104. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

105. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

106. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

108. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against All Defendants)

109. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

111. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual

defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
April 5, 2023

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: Brett Klein
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

GLORIA HERNANDEZ, MARIO HERNANDEZ, and INGRID Y. PRESCOD,

Plaintiffs,

-against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

--------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132